# CRAVATH

Kevin J. Orsini
korsini@cravath.com
T+1-212-474-1596
New York

April 3, 2026

Re:  *Robinhood Derivatives, LLC v. Dreitzer*, No. 25-7831
     *North American Derivatives Exchange, Inc. v. State of Nevada*, No.
     25-7187
     *KalshiEX, LLC v. Assad*, No. 25-7516

Dear Ms. Dwyer:

Robinhood submits this response to Appellees' Notice of Supplemental Authority regarding *State of Nevada ex rel. Nev. Gaming Control Bd. v. Coinbase Fin. Mkts, Inc.*, No. 260C000301B (Nev. 1st JD Dist. Ct. Mar. 26, 2026) ("Order").  (25-7831-Dkt. 112.1.)

*First*, the state court wrongly conflated federally authorized event contracts with state law "wagers."  Order at 3-4.  Event contracts trade on Commodity Futures Trading Commission ("CFTC") designated contract markets ("DCMs") and are therefore subject to the CFTC's exclusive jurisdiction, not state law on "wagers."  By contrast, wagers under Nevada state law are not *traded*, do not take place on DCMs, and are state regulated.

**NEW YORK**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
100 Cheapside
London, EC2V 6DT
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

*See* CFTC, *Further Definition of "Swap,"* 77 Fed. Reg. 48,208, 48,217, 48,247-48 (Aug. 13, 2012). [1]

*Second*, the court did not conduct an independent preemption analysis. Rather, it conclusorily deferred to the reasoning of the court below in *KalshiEx, LLC v. Hendrick*, No. 2:25-CV-00575-APG-BNW, 2025 WL 3286282 (D. Nev. Nov. 24, 2025) ("*Hendrick II*")—a subject of this consolidated appeal. Order at 5. The decision therefore has no persuasive value and its reasoning is wrong for the reasons set forth in Robinhood's briefs. (25-7831-Dkts. 15.1, 58.1.)

As Robinhood has explained (25-7831-Dkt. 15.1 at 28), *Hendrick II*, on which the state court relied, did not disturb the federal court's earlier holding that the CEA's "'exclusive jurisdiction' language preempts the application of state law" and that its "legislative history supports the conclusion that Congress intended to occupy the field and preempt state law from applying to CFTC-designated exchanges." *KalshiEx, LLC v. Hendrick*, No. 2:25-CV-00575-APG-BNW, 2025 WL 1073495, at *6 (D. Nev. Apr. 9, 2025) ("*Hendrick I*"). The state court not only failed to consider *Hendrick I*'s undisturbed preemption finding, it also extended *Hendrick II* to non-

---

[1] Event contracts are also not "wagers" under the federal Unlawful Internet Gaming Enforcement Act, which carves out transactions on DCMs from the definition of "wager." 31 U.S.C. § 5362(1)(E).

sports related event contracts without any additional analysis. And, since *Hendrick II*, the CFTC has confirmed that sports-related event contracts are swaps within its exclusive jurisdiction and that contrary state law is preempted. (25-7187-Dkt. 38.2 at 1-2.)

Respectfully submitted,

*/s/Kevin J. Orsini*
Kevin J. Orsini

Molly Dwyer, Clerk of Court
United States Court of Appeals for the Ninth Circuit
  95 Seventh Street
    San Francisco, CA 94103

VIA ACMS

Copies to:

Aaron D. Ford, Attorney General
Jessica E. Whelan
Sabrena K. Clinton
  Office of the Attorney General
    1 State of Nevada Way, Suite 100
      Las Vegas, NV 89119

Ryan A. Andersen
Mark M. Weisenmiller
Andersen Beede Weisenmiller
  3199 E Warm Springs Rd., Suite 400
    Las Vegas, NV 89120

VIA ACMS

Word Count: 350