# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

1440 NEW YORK AVENUE, N.W.

WASHINGTON, D.C. 20005-2111

———

TEL: (202) 371-7000

FAX: (202) 393-5760

www.skadden.com

DIRECT DIAL

202-371-7370

EMAIL ADDRESS

SHAY.DVORETZKY@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WILMINGTON
———
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SINGAPORE
TOKYO
TORONTO

April 30, 2026

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103

> RE: *North American Derivatives Exchange, Inc. v. State of Nevada, et al.*, No. 25-7187; *KalshiEX, LLC v. Assad, et al.*, No. 25-7516; *Robinhood Derivatives, LLC v. Dreitzer, et al.*, No. 25-7831: Response to Nevada's Federal Rule of Appellate Procedure 28(j) letter (Letter) regarding *KalshiEX LLC v. Schuler*, No. 26-3196 (6th Cir. Apr. 24, 2026) (per curiam) (unpublished) (Op.)

Dear Ms. Dwyer:

*Schuler* denied Kalshi an injunction pending appeal, but it doesn't help Nevada here. The nonprecedential opinion incorrectly concluded that Kalshi failed to show that the Commodity Exchange Act (CEA) likely preempts Ohio's gaming laws as applied to Kalshi's sports-event contracts, and that the remaining factors weigh against an injunction.

*First*, *Schuler* didn't resolve whether the CEA preempts Ohio gaming laws as applied to sports-event contracts, but instead acknowledged that Kalshi "raised serious questions on the merits" and expedited the appeal for resolution on the merits. Op. 1.

*Second*, the panel wrongly speculated that § 2(a)(1)(A)'s "exclusive jurisdiction" language merely channels all *federal* regulation to the CFTC, but doesn't preempt state law. Op. 8. That makes no sense. Preemption doesn't require magic words—and anyway, the Supreme Court has used the term "exclusive jurisdiction" to describe preemption of state law. CDNA Br. 42. *Contra* Op. 9. Granting the CFTC "exclusive jurisdiction" bars other entities—including state regulators—from exercising jurisdiction over on-DCM trading. The panel relied on § 2(a)(1)(A)'s savings clauses, but those provisions confirm that states may regulate only conduct falling *outside* the CFTC's exclusive jurisdiction, and that state courts can decide federal questions. Section 13a-2(1) just confirms that states cannot sue "a contract market," like CDNA, because the CFTC alone regulates DCMs. *Contra* Op. 8-9. And § 13a-2(7) preserves states' "general civil or criminal antifraud statute[s]," not gambling laws.

*Third*, the CEA preempts the field of on-DCM trading—the *conduct*, CDNA Br. 39; the field isn't "state gaming regulation." *Contra* Letter 1. Whatever state regulation the CEA allows doesn't include regulating on-DCM trading, as § 2(a)(1)(A) makes clear. *Contra* Op. 10-11.

*Fourth*, no presumption against preemption applies where, as here, there is an express preemption provision. CDNA Br. 40. *Contra* Letter 2; Op. 12-13. And the CFTC itself has said that it's impossible to provide nationwide "impartial access" to DCMs "[i]f a state bans [a particular] contract." CFTC Br. 26-27.

*Finally*, *Schuler* doesn't support Nevada's contention that the remaining preliminary injunction factors weigh in its favor. *Schuler*'s analysis of those factors turns on its incorrect merits assessment. Op. 13-15.

Respectfully submitted,

*/s/ Shay Dvoretzky*

Shay Dvoretzky

*Counsel for Plaintiff-Appellant*
  *North American Derivatives*
  *Exchange, Inc. d/b/a Crypto.com |*
  *Derivatives North America*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that (1) this letter complies with the type-volume limitation of Federal Rule of Appellate Procedure 28(j) because, as calculated by Microsoft Word, its body contains 350 words, and (2) this letter complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in a 14-point Book Antiqua font.

Dated: April 30, 2026                    */s/ Shay Dvoretzky*

                                                  Shay Dvoretzky

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2026, I electronically filed the foregoing document with the Clerk of Court for the United States Court of Appeals for the Ninth Circuit by using the ACMS system. I certify that all participants in the case are registered ACMS users and that service will be accomplished by the ACMS system.

Dated: April 30, 2026                    */s/ Shay Dvoretzky*

                                                  Shay Dvoretzky