

**WILL HAVEMANN**

*Partner*

1101 New York Ave., N.W. | Washington, DC 20005

T: +1 (202) 835-7518

whavemann@milbank.com | milbank.com

May 1, 2026

**By Electronic Filing**

Molly Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103

> Re: *KalshiEX LLC v. Assad, et al.*, No. 25-7516
> FRAP 28(j) Letter Response

Dear Ms. Dwyer:

The Sixth Circuit motions panel's unpublished decision in *Schuler* does not support affirmance. The panel repeatedly emphasized (at 1, 6-7, 9-10, 12-13, 16) the "serious" and "close" questions Kalshi raised on the merits and concluded only that Kalshi did not "show enough at this stage" to obtain relief pending appeal. Its grounds for denying relief are unpersuasive.

On express preemption, *Schuler* deemed it unclear at this stage whether Section 2(a)'s "exclusive jurisdiction" clause preempts state law. Op.7-8. It does. "Exclusive" means "[n]ot divided or shared with others," *Exclusive*, American Heritage Dictionary (2d ed. 1980), and the Supreme Court has deemed state law preempted where agency jurisdiction is "exclusive," *Hughes v. Talen Energy Mktg., LLC*, 578 U.S. 150, 163 (2016). Section 2(a)'s savings clauses also support Kalshi, confirming Congress's intent to permit state regulation only "*[e]xcept as*" provided by the CFTC's exclusive jurisdiction over on-DCM trading. 7 U.S.C. § 2(a)(1)(A) (emphasis added). The panel cited other provisions governing state law's application to off-DCM transactions, but they only underscore the CFTC's exclusive jurisdiction over on-DCM transactions.

On field preemption, contrary to Defendants' contention, *Schuler* did not address whether the CEA preempts the field of "state gaming regulation," because Kalshi has never argued it does. Instead, as the Third Circuit held, the preempted field is "the regulation of trading on a DCM." *KalshiEX LLC v. Flaherty*, 172 F.4th 220, 229 (3d Cir. 2026).

On conflict preemption, *Schuler* erroneously applied a presumption against preemption, Op.11, departing from this Court's instruction that the presumption is inapplicable where a statute

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | HONG KONG | SEOUL | SINGAPORE | TOKYO

contains an express-preemption clause.  *Cal. Rest. Ass'n v. City of Berkeley*, 89 F.4th 1094, 1101 (9th Cir. 2024).  *Schuler* also suggested compliance with state-by-state geographic restrictions may not violate Kalshi's "impartial-access" obligation.  Op.12-13.  But the CFTC has confirmed to this Court that such compliance is "impossibl[e]" for DCMs.  *See* Dkt. 38.2 at 26-27.

*Schuler* acknowledged that Kalshi will face irreparable harm from unrecoverable geofencing costs.  Op.14.  Though the court found it equitable to allow Ohio to enforce its laws pending full merits review, it expedited the appeal given how close it considered the questions.  Op.15-16.

Respectfully submitted,

/s/ William E. Havemann
William E. Havemann

*Counsel for Appellant KalshiEX LLC*


cc:      All Counsel (via ACMS)
         Word Count: 349