# CRAVATH

Kevin J. Orsini
korsini@cravath.com
T+1-212-474-1596
New York

May 1, 2026

Re:   *Robinhood Derivatives, LLC v. Dreitzer*, No. 25-7831
      *North American Derivatives Exchange, Inc. v. State of Nevada*,
      No. 25-7187
      *KalshiEX, LLC v. Assad*, No. 25-7516

Dear Ms. Dwyer:

Robinhood submits this response to Appellees' Notice of Supplemental Authority regarding *KalshiEX LLC v. Schuler*, No. 26-3196 (6th Cir. Apr. 24, 2026).  (25-7831-Dkt. 137.1.)  *Schuler* is an unpublished decision on a motion for an injunction pending appeal and therefore lacks precedential value.  *Key v. Grayson*, 179 F.3d 996, 1001 n.3 (6th Cir. 1999).  Nevertheless, Robinhood submits that the non-binding, preliminary views on the merits in *Schuler* are wrong and unpersuasive.

*First*, the court wrongly suggested that other express preemption provisions foreclosed a finding that the CEA's grant of "exclusive jurisdiction" to the CFTC over swaps traded on designated contract markets ("DCMs") is also an express preemption provision. 7 U.S.C. § 2(a)(1)(A).  But

**NEW YORK**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
100 Cheapside
London, EC2V 6DT
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

Congress need not "employ a particular linguistic formulation when preempting state law." *Coventry Health Care of Missouri, Inc. v. Nevils*, 581 U.S. 87, 99 (2017). Moreover, Section 16's additional express preemption provisions for certain off-DCM transactions, such as insurance contracts, work to extend the CEA's preemptive scope, not limit it. The court also wrongly discounted the savings clause, which preserves state law only "[e]xcept as hereinabove provided," 7 U.S.C. § 2(a)(l)(A), *i.e.*, for off-DCM transactions.

*Second*, the court's cursory field preemption analysis fails to properly define the relevant field: "the regulation of trading on a DCM." *See KalshiEX, LLC v. Flaherty*, 172 F.4th 220, 229 (3d Cir. 2026). When the field is correctly defined, it becomes clear the court's suggestion that the CEA "often permits state regulation" in that field is incorrect.

*Third*, the court does not consider in its conflict preemption analysis the Special Rule, which vests the CFTC with authority to prohibit swaps against the public interest. 7 U.S.C. § 7a-2(c)(5)(C)(i). It fails to address the irreconcilable conflict created when state law purports to outlaw swaps that the CFTC decided to authorize under federal law. Nor does the court consider that Congress specifically intended for the CFTC, not states, to

exercise authority over sports-related event contracts. 156 Cong. Rec. S5906–07 (2010).

*Finally*, the court correctly recognizes that Kalshi "will face potentially irreparable harm without an injunction." Op. at 14. The same is true for Robinhood.

Respectfully submitted,

*/s/Kevin J. Orsini*
Kevin J. Orsini

Molly Dwyer, Clerk of Court
 United States Court of Appeals for the Ninth Circuit
    95 Seventh Street
        San Francisco, CA 94103

VIA ACMS

Copies to:

Aaron D. Ford, Attorney General
Jessica E. Whelan
Sabrena K. Clinton
    Office of the Attorney General
        1 State of Nevada Way, Suite 100
            Las Vegas, NV 89119

Ryan A. Andersen
Mark M. Weisenmiller
    Andersen Beede Weisenmiller
    3199 E Warm Springs Rd., Suite 400
      Las Vegas, NV 89120

VIA ACMS

Word Count: 350